## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANITA SEIFER | ) | |
| **Plaintiff,** | ) | **No. 18-12471-TSH** |
| | ) | **Civil Action** |
| v. | ) | |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION TO AMEND AND DEFENDANT'S MOTION TO DISMISS
### March 29, 2021

HILLMAN, District Judge.

### Introduction

Plaintiff Anita Seifer ("Plaintiff") brings this action against the Government Employees Insurance Company ("GEICO"), alleging a single count of breach of contract against (Docket No. 15). This Order addresses Defendant's motion to dismiss the claim pursuant to Fed. R. Civ. P. 12(b)(1). Separately, Plaintiff seeks leave to amend the complaint to add a new cause of action under M.G.L. c. 93A for violations of M.G.L. c. 176D.  (Docket No. 21). For the reasons stated below, the motion to dismiss is ***granted*** and the motion to amend the complaint is ***denied***.

### Background

On March 17, 2014, Plaintiff underwent anterior cervical discectomy and fusion surgery. Plaintiff was still recovering from surgery on April 22, 2015 when a vehicle she was operating was struck from behind by a vehicle insured by GEICO. Following the accident, Plaintiff

experienced severe pain in her neck. Plaintiff estimates that the car that struck her vehicle was traveling at approximately 20 miles per hour.

Plaintiff was seen by a physical therapist who diagnosed spinal cord compression and an MRI was ordered by Dr. Thomas Kesman, an orthopedic surgeon. Upon review of the MRI, Dr. Kesman sent Plaintiff back to Dr. Robert Banco, the doctor who had done her original surgery. Dr. Banco told Plaintiff that she would require a laminectomy, a procedure where bone is cut away to relieve pressure on the spinal cord. On November 30, 2015, the back part of Plaintiff's vertebrae 3, 4 and 5 were removed by surgery.

After the second surgery, Plaintiff had residual weakness on the left side, balance problems, numbness and limited dexterity in both hands and reports that she is no longer able to perform duties as a registered nurse. Plaintiff's attorney and Defendant apparently had some communication pre-suit where defendant offered to compensate the Plaintiff for injuries and communicated with Plaintiff's attorney to determine the value of the claim. However, no resolution was arrived at prior to the plaintiff bringing the law suit in November of 2018 and serving the Defendant in April of 2019.

## **Standard of Review**

A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555, 127 S.Ct. 1955. "The relevant inquiry focuses on the reasonableness of the

inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1ˢᵗ Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1ˢᵗ Cir. 2000). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

## Discussion

Plaintiff is seeking damages in the amount of $1,000,000 for breach of an implied-in-fact contract created when GEICO offered to compensate the Plaintiff for her injuries. GEICO argues that under Fed. R. Civ. P. 12(b)(6), the Plaintiff has failed to state a claim upon which relief may be granted because Plaintiff has failed to meet the statute of limitations set forward in M.G.L. c. 260, § 2A, that Plaintiff has no right of action against GEICO without first obtaining a judgement against the driver insured by the GEICO, and that Plaintiff has failed to plead that an enforceable contract existed between the parties or of the existence of an actionable breach.

In Massachusetts, "[a]ctions of contract, other than those to recover for personal injuries" are governed by a six-year statute of limitations. M.G.L. c. 260, §2. The shorter three-year

statutory period for tort claims, however, will apply to a contract claim "when the gravamen of the complaint is that the defendant has caused the plaintiff a personal injury." *Callahan v. Wells Fargo & Co.,* 747 F. Supp. 2d 247, 252 (D.Mass. 2010) (*citing Pagliuca v. City of Boston*, 626 N.E.2d 625, 628 (Mass. App. Ct. 1994)). To determine whether the tort or contract limitations period applies, a court will look to "the essential nature" of the plaintiff's claim. *Ansin v. River Oaks Furniture, Inc*., 105 F.3d 745, 754–55 (1st Cir. 1997); *see also Hendrickson v. Sears*, 310 N.E.2d 131, 132 (Mass. 1974) (noting that "limitation statutes should apply equally to similar facts regardless of the form of proceeding"). A claim is considered a contract claim when it is "to recover from another money which in equity and good conscience he is not entitled to keep," while a tort claim involves "an accident resulting in injuries to person or property." Ansin, 105 F.3d at 754–55.

Here, Plaintiff's contract claim is subject to the three year statute of limitations period. Plaintiff's allegations and alleged damages focus on her pain, suffering and inability to pursue her profession because of said suffering. These undeniably constitute personal injuries within the meaning of the statute. See Pagliuca, 626 N.E.2d at 628. Plaintiff does not argue that GEICO's actions caused her pain and suffering. The allegations in the Complaint state that Plaintiff's injuries arose from the accident. Accordingly, Plaintiff's contract claim is subject to the three year statute of limitations period under Massachusetts law because any contract obligations GEICO are incidental to Plaintiff's injuries. Cf. Royal-Globe Ins. v. Craven, 411 Mass. 629, 637-638, 585 N.E.2d 315 (1992). Applying the three year statutory requirement, Plaintiff's claim is time barred because it accrued on April 22, 2015 and ran on April 22, 2018, nearly seven months prior to the filing of this action.

*Motion to Amend*

4

Plaintiff seeks leave to amend the complaint to add a new cause of action under M.G.L. c. 93A for violations of M.G.L. c. 176D. Plaintiff alleges that under that law, GEOCO failed to effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear. Because Mass. Gen. Laws c. 176D does not provide a separate cause of action and furthermore requires a demand letter to GEICO, which Plaintiff concedes was not sent, an amendment to the Complaint would be futile. Accordingly, the motion to amend is denied.

## Conclusion

For the reason's set for above, Defendant's Motion to Dismiss (Docket No. 16) is **_granted_** and Plaintiff's Motion to Amend (Docket No. 21) is **_denied_**.

**SO ORDERED.**

_/s/ Timothy S. Hillman_
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**